**People of the State of Illinois, Plaintiff-Appellee, v. John Walter Bell, Defendant-Appellant.**

**Gen. No. 51,329.**

First District, Third Division.

May 18, 1967.

Melvin Friedman, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Klein, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

A jury found the defendant John Bell guilty of armed robbery and he was sentenced to the penitentiary for a term of ten to twenty years. He was tried with a codefendant, James Brinkley, who was also found guilty and similarly sentenced. Bell alone prosecutes this appeal. He contends that prejudicial error was committed during his trial.

The defendants were accused of robbing Benjamin Biegel, the owner of a tailoring and cleaning shop, on October 6, 1962. On October 4th Bell, 24 years of age,

and Brinkley, 33 years old, brought three shirts to Biegel's basement shop to be cleaned. Biegel said they would be ready in two days and asked for the name of the owner. Bell gave his name; two of the shirts had his name on them. The men returned about 1:30 p. m. on the 6th. Bell asked for his shirts and Biegel replied that he expected them to be delivered to his store at any minute. Bell moved close to Biegel, pulled a gun, stuck Biegel in the side and ordered him to lock the door. Biegel complied. Brinkley told Bell to take Biegel to the back, to put him on the floor and to cover him with a coat taken from a rack. Bell did so and said: "Don't you dare look or I'll kill you." While Bell guarded Biegel, Brinkley went through his pockets, emptied the cash register and searched the shop. They tied him up with neckties and belts and left the shop with $62.20 of his money and clothing belonging to his customers. He released himself and called the police.

At 8:00 in the morning on October 22, 1962, Bell and Brinkley came to his shop a third time. The front door and the screen door were locked. Brinkley demanded that the door be opened so that he could pick up some clothing he had at the shop. Without unlocking the screen door Biegel asked: "Are you sure?" Brinkley said he was; Biegel told him the clothing was not ready but would be in the afternoon. Biegel closed the door and called the police. Minutes later the police arrested the men as they emerged from an alley. They brought the men back to the shop and Biegel identified them as the men who had robbed him on October 6th.

When first questioned at the police station Bell and Brinkley denied being in Biegel's shop on the 4th, 6th or 22nd. Later Bell said he had brought three shirts there on the 4th and had returned for them on the 22nd; he again denied being there on the 6th. The defendants were also questioned by a detective of the robbery detail of the

Chicago Police Department. Brinkley repeated his denial. Bell, however, admitted going to the shop on October 6th to see if his shirts were ready but he denied the robbery. He said he took his shirts to Biegel's shop, which was a mile and a half from where he lived, because he had heard that Biegel did good laundering.

Bell testified at the trial; Brinkley did not. Bell said that Brinkley was with him when he went to the shop on October 4th and October 22nd but that he was alone when he went there on October 6th to inquire about his shirts.

■ The first error asserted by the defendant is that the trial court improperly overruled objections made by his attorney during his cross-examination. On cross-examination the Assistant State's Attorney, over objection, asked the defendant if there were other cleaning shops between his house and Biegel's. The defendant answered affirmatively and the prosecutor asked, "How many are there?" When the defendant said he could not recall the prosecutor inquired: "There are at least fifteen of them, are there not?" The defendant answered, "I don't know." It is argued that permitting the prosecutor to ask these questions was prejudicial because there was no evidence that there were fifteen shops between the defendant's home and Biegel's store, and that the State never attempted to show that there were after asking the questions. The form of the question did connote that the prosecutor knew there were at least fifteen such stores, and to this extent the question was a mistake unless the prosecutor was prepared to support it with proof. No proof was forthcoming and thus asking the question was error; the error, however, was relatively harmless.

■ ■ The final errors asserted are the following statements made by the Assistant State's Attorney in his final argument: (1) "He came a mile and a half

51

from his home through neighborhoods where there were a lot of cleaning establishments to come to this cleaning establishment"; and (2) ". . . I can see no reasonable doubt created in anybody's mind as to the guilt of the two defendants." It is argued that there was no evidence that the defendant lived a mile and a half or any other distance from Biegel's place of business; that, as in the first error alleged, there was no evidence of "a lot" of other cleaning stores, and that the prosecutor was expressing his own opinion and belief as to the defendant's guilt. The prosecutor's first statement was not entirely without foundation. In the defendant's conversation with the detective from the robbery unit the distance of one and a half miles was mentioned; and the defendant testified that there were other cleaning shops between his home and Biegel's shop. The phrase "a lot" may have been an exaggeration but the defendant was not prejudiced thereby. As to the second statement: counsel for the State had the right to argue to the jury his belief that the evidence warranted a conviction—and that was all he was doing in this case.

There were no substantial errors in the trial and the evidence established the defendant's guilt beyond all reasonable doubt. The judgment of the Criminal Court is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.